UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: SEARCH WARRANT : <br> NOS. _____ : <br> : <br> [SEARCH WARRANTS DIRECTED TO : <br> SERVICE PROVIDERS FOR EMAILS : <br> OR OTHER DOCUMENTS PERTAINING : <br> TO ACCOUNTS HELD OR : <br> MAINTAINED BY STEVEN WARSHAK : <br> AND/OR TCI MEDIA, INC.] : <br> : | Case No. 1:08-mc-047 <br><br> Judge S. Arthur Spiegel <br> Magistrate Judge Timothy S. Black |

**REPORT AND RECOMMENDATION[1] THAT MOVANTS'
MOTION TO UNSEAL WARRANTS (Doc. 1) BE DENIED
AND THIS CASE BE CLOSED**

This matter is before the Court on a motion to unseal warrants, provide notification of warrants, and for return of property (Doc. 1), and the parties' responsive memoranda (Docs. 4, 6). This motion was filed on behalf of movants Steven Warshak and TCI Media, Inc., pursuant to Fed. R. Crim. P. 41 and the Stored Communications Act, 18 U.S.C. §§ 2703, *et seq*.

### I. BACKGROUND INFORMATION

On August 27, 2008, Mr. Warshak was sentenced in the matter of *United States v. Warshak*, 1:06-cr-0111, having been convicted of mail fraud, wire fraud, money laundering, and other offenses. (Doc. 1 at ¶ 1). Mr. Warshak was sentenced to serve 25 years in prison and is currently incarcerated. (*Id.*) TCI Media, Inc., a corporation wholly owned by Mr. Warshak, was also prosecuted and convicted of money laundering and has

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

also been sentenced. (*Id*. at ¶ 2). As to each Defendant, the criminal sentence and judgment have become final and are on appeal. *See United States v. Steven E. Warshak* (notice of appeal filed September 2, 2008) (Doc. 671); *United States v. TCI Media, Inc*. (notice of appeal filed September 4, 2008) (Doc. 674).

Movants allege that during the prosecution of Mr. Warshak and TCI Media, Inc., the government employed the Stored Communications Act to compel production of Mr. Warshak's emails from various electronic communication service providers. (Doc. 1 at ¶ 5). The government notified Mr. Warshak that it had compelled disclosure of such communications through the use of subpoenas and court orders, but the government declined to disclose whether it had compelled the production of additional email communications through the use of search warrants issued pursuant to different provisions of the Stored Communications Act. (*Id*.)

The movants claim that to the extent the government compelled the disclosure of the content of Mr. Warshak's emails from any electronic communication service or remote computing service by warrant, pursuant to the Stored Communications Act or any other provision of law, there is no lawful authority for any such search warrants to remain sealed and/or non-disclosed to Mr. Warshak and/or TCI Media, Inc. (Doc. 1 at ¶ 6).

## II.   ANALYSIS

The undersigned concludes that the substantive merits of movants' motion are not properly before this Court at this time.

"It is well settled that the filing of the notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984), *cert. denied*, 469 U.S. 1021 (1984).

> "As the Supreme Court has recently stated, it is, generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."

*Id.* (*citing Griggs v. Providence Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

The only recognized exceptions to this rule pertain to remedial orders not affecting the merits of the appeal. *Holloway*, 740 F.2d at 1382. In this case, the issue of the production of emails under the provisions of 18 U.S.C. §§ 2703, *et seq.* will be addressed in Mr. Warshak's appeal. *See* Doc 631[2] (filed with the District Court on August 26,

---

[2] For example, Mr. Warshak states that the following issues will be raised on appeal: "(1) the constitutional validity of 18 U.S.C. § 2703; (2) whether the Court erred in finding that the government acted in good faith reliance on § 2703 in the absence of an evidentiary hearing, particularly in light of the numerous ways in which the defendants demonstrated that the government violated the very statute on which it claimed to have relied in good faith; (3) the Court's failure to order the government to disclose whether it had conducted searches or seizures of various types which it had not disclosed to defendants, disclosure which was essential to the defendants' ability to seek suppression of any evidence which may have been the fruit of such antecedent and unlawful searches; . . . (5) the government's conducting of unlimited and open ended searches of the computers imaged or seized from Berkeley, in disregard of the Fourth Amendment's particularity requirement and overbreadth prohibition; (6) the glaring overbreadth and particularity defects of the warrants executed at Berkeley on March 16, 2005; (7) the Court's decision of defendants' motions to suppress – those pertaining to the pretextual Boone County search of Teegarden's computers, the March 16, 2005, Berkeley searches, and the searches of the contents of Berkeley-owned laptops used by several of its executives – without the evidentiary hearing required to resolve the disputed issues of fact." (Doc. 631 at 1-2).

3

2008). Therefore, the instant motion concerns the merits of those pending appeals, and none of the exceptions apply to permit this Court to assert jurisdiction.

### III. CONCLUSION

Accordingly, because the notices of appeal have divested this Court of jurisdiction, the undersigned hereby **RECOMMENDS** that movants Steven Warshak and TCI Media, Inc.'s motion to unseal warrants, provide notification of warrants, and for return of property (Doc. 1) should be **DENIED,** and this case should be **CLOSED**.

Date: <u>February 26, 2009</u>   <u>s/ Timothy S. Black</u>
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: SEARCH WARRANT NOS. _____ | Case No. 1:08-mc-047 |
| | Judge S. Arthur Spiegel |
| [SEARCH WARRANTS DIRECTED TO SERVICE PROVIDERS FOR EMAILS OR OTHER DOCUMENTS PERTAINING TO ACCOUNTS HELD OR MAINTAINED BY STEVEN WARSHAK AND/OR TCI MEDIA, INC.] | Magistrate Judge Timothy S. Black |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).